FILED
2010 Jul-14 PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **AYLISSA MURPHY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 3:09-CV-434-VEH |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff's "Petition for Attorney Fees" pursuant to the Equal Access to Justice Act. (Doc. 19). The Commissioner filed an opposition to Plaintiff's motion. (Doc. 21). In his opposition, the Commissioner argues that Plaintiff's Petition for Attorney's Fees should be denied because "special circumstances including the failure of Plaintiff and her counsel to present evidence, which the court found necessary for the adjudication of the claim, renders an award of fees unjust." (Doc. 21, pp. 1-2). The Commissioner also argues that the number of hours claimed by Plaintiff's counsel is "unreasonable." (*Id.*). On June 28, 2010, an Order was entered requiring Plaintiff to respond to the Commissioner's opposition within fourteen days. (Doc. 22). That time has passed and Plaintiff did not file a response.

As a consequence of Plaintiff's failure to respond to the Commissioner's opposition, the court finds that Plaintiff has abandoned or waived her request for EAJA fees. *See Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ."); *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1030 (5th Cir. Unit B Aug. 5, 1982)[1] (generally noting that "[f]ailure to brief and argue an issue is grounds for finding that the issue has been abandoned"). *See also*, *e.g.*, *Chapman v. AI Transport*, 229 F.3d 1012, 1027 (11th Cir. 2000) ("Parties opposing summary judgment are appropriately charged with the responsibility of marshaling and presenting their evidence before summary judgment is granted, not afterwards."); *Lazzara v. Howard A. Esser, Inc.*, 802 F.2d 260, 269 (7th Cir. 1986) (holding that a ground not pressed in opposition to a motion for summary judgment is to be treated by the district court as abandoned). Clearly, "the onus is upon the parties to formulate arguments." *Resolution Trust,* 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.,* 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf."). Accordingly, the Petition for Attorney's Fees is **DENIED**.

---

[1] In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982), the Eleventh Circuit adopted as binding precedent all decisions of the Unit B panel of the former Fifth Circuit handed down after September 30, 1981.

**DONE** and **ORDERED** this the 14th day of July, 2010.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge